**OPINION OF THE JUSTICES of the Supreme Judicial Court Given Under the Provisions of Section 3 of Article VI of the Constitution.**

Questions Propounded by the House in an Order Dated April 1, 1971.

Supreme Judicial Court of Maine.

April 5, 1971.

Whereas, a Bill, Initiated Bill (1) entitled "An Act to Repeal the Maine State Income Tax" has been determined by the Legislature to be validly initiated pursuant to Article IV, Part Third, Section 18, of the Maine Constitution, and

Whereas, the Legislature proposes to neither enact nor reject the initiated bill and proposes that it be submitted to the people without a competing measure at the earliest possible date, and

Whereas, the Petitioners in each and every petition have made the following request, "The undersigned electors further request that should the Legislature not enact said measure without change, that said measure be referred to the people at a Special Election, ordered by proclamation of the Governor, to be held not less than four (4) nor more than six (6) months after such proclamation and that such proclamation shall be made not less than ten (10) days after the recess of the Legislature", and

Whereas, the House considers it of extreme importance to know whether said Initiated Bill will be enacted or rejected by the people, in order that the Legislature may fulfill its constitutional duties during this regular session to raise and appropriate monies to operate State Government under Article IV, Part Third, Section I, and

Whereas, a Joint Order has been introduced into the House (H.P. 1241) ordering and directing the Secretary of State to hold a referendum on said Initiated Bill within sixty (60) days after the passage of the Joint Order (Exhibit A),

## HOUSE ORDER PROPOUNDING QUESTIONS

### State of Maine

In House March 31, 1971

Whereas, it appears to the Members of the House of the 105th Legislature that the following is an important question of law and the occasion is a solemn one, and

Now, therefore, be it ordered, that in accordance with the provisions of the Constitution of the State, the Justices of the Supreme Judicial Court are respectfully re-

quested to give the House an opinion on the following question:

## I.

Does the Legislature have the authority pursuant to Article IV, Part Third, Section 18 of the Constitution which in part states: "The Legislature may order a special election on any measure that is subject to a vote of the people", to order a special election on Initiated Bill (1), "An Act to Repeal the Maine Income Tax" despite the request of the Petitioners?"

## II.

If the answer to question number I is in the affirmative, may the Legislature set the date for the referendum and direct the form of the ballot with the attached Joint Order?

NAME: Porter

TOWN: Lincoln

### HOUSE OF REPRESENTATIVES

Read and under House Rule 41
Tabled Pending Passage
Tomorrow Assigned
MAR 31 1971
/s/ Bertha W. Johnson
Clerk

### HOUSE OF REPRESENTATIVES

Taken from the table
out of order by
Unanimous Consent
PASSED
April 1, 1971
/s/ Bertha W. Johnson
Clerk

———◆———

### EXHIBIT A

Whereas, the Legislature has determined that Initiated Bill (1) entitled "AN ACT to Repeal the Maine State Income Tax" has been validly initiated pursuant to Article IV, Part Third, Section 18, and

Whereas, the Legislature proposes to neither enact or reject the Initiated Bill and proposes that the measure be referred to the people without a competing measure at the earliest possible date, and

Whereas, the revenue for the operation of State Government and source thereof is of extreme importance to the 105th Legislature, and

Whereas, the 105th Legislature desires to fulfill its constitutional duties under Article IV, Part Third, Section 1, during this regular session;

Now, therefore, be it ordered, the Senate concurring, that the Secretary of State is hereby directed to hold a referendum on Initiated Bill (1) within sixty (60) days of the passage of this Order. The referendum shall be conducted pursuant to the requirements of Title 21 MRSA Section 1 et seq. Pursuant to Article IV, Part Third, Section 20 the Legislature hereby orders that the question on the ballot shall appear as follows:

|  Yes  |  No  |
|-------|------|
|       |      |

Shall the Maine State Income Tax be repealed?

NAME: Susi

TOWN: Pittsfield

### HOUSE OF REPRESENTATIVES

Read and On Motion of
Mr. Porter of Lincoln
MAR 31 1971
Tabled Pending Passage
Tomorrow Assigned
/s/ Bertha W. Johnson
Clerk

ANSWERS OF THE JUSTICES

TO THE HONORABLE HOUSE OF REPRESENTATIVES OF THE STATE OF MAINE:

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, have the honor to submit the following answers to the questions propounded on April 1, 1971.

QUESTION I: Does the Legislature have the authority pursuant to Article IV, Part Third, Section 18 of the Constitution which in part states: "The Legislature may order a special election on any measure that is subject to a vote of the people", to order a special election on Initiated Bill (1), "AN ACT to Repeal the Maine Income Tax" despite the request of the Petitioners?"

ANSWER: We answer in the negative.[1]

The leading decision in Maine concerning the amendment creating the people's initiative, Farris, Att. Gen. v. Goss, 143 Me. 227, 60 A.2d 908 (1948), discloses that the initiative

" * * * made a fundamental change in the existing form of government in so far as legislative power was involved. Formerly that power was vested in the House of Representatives and the Senate. By the amendment the people reserved to themselves power to propose laws and to enact or reject the same at the polls independent of the legislature." (p. 230, 60 A.2d at p. 910)

Furthermore, this

"right of the people * * * to enact legislation * * * is an absolute one and cannot be abridged directly or indirectly by any action of the Legislature." (p. 231, 60 A.2d at p. 911)

Finally,

"Neither by action nor by inaction can the legislature interfere with the submission of measures as * * * provided by the constitution." (p. 231, 60 A.2d at p. 911)

█ Our primary consideration, therefore, must be that by the initiative amendment the people, as sovereign, have retaken unto themselves legislative power and that a particular undertaking by them to exercise that power shall be liberally construed to effectuate the purpose.

It is in accordance with this principle of liberal construction to avoid potential abridgement, or impairment, of the plenary exercise of legislative power by the people that we must evaluate the constitutional provisions which relate to the holding of special elections for the enactment, or rejection, at the polls of measures initiated by the people.

Article IV, Part Three, Section 18 of the Constitution delineates a *general rule* that initiated measures shall be voted upon

"at the next general election held not less than sixty days after the recess of the Legislature, to which such measure was proposed."

Section 18 goes further, however, and introduces flexibility to allow accommodation

---

1. We emphasize that our decision to answer this question is without significance to indicate acceptance, or approval, of the correctness of a premise which seems to underlie the question. The House appears to have assumed that a bill validly initiated becomes a "measure that is subject to a vote of the people" (and, hence, within the language, "The Legislature may order a special election on any measure that is subject to a vote of the peo-

ple"), when the Legislature merely "proposes" to refrain from enacting the bill without change, or otherwise taking action regarding it or its subject matter, and even though the Legislative session to which the initiated bill is presented is intended to continue while, and after, a "proposed" submission by the Legislature of the measure to the people occurs.

The validity of this assumption by the House is open to doubt.

to particular circumstances which might arise and which might involve the desirability of a departure from the general rule. Section 18 says in reference to

"any measure proposed to the Legislature * * * and not enacted by the Legislature without change"

(1) "The Governor *may* * * *" and (2) "if so requested in the written petitions addressed to the Legislature", the Governor "*shall,* by proclamation, order any measure proposed to the Legislature * * * and not enacted without change, referred to the people at a special election to be held not less than four nor more than six months after such proclamation." (all emphases supplied)

◼ Careful examination of this constitutional language dealing with the authority for a special election reveals that it omits a specification of a time interval within which the proclamation of the Governor shall be made. Our opinion is that since the proclamation must await ascertainment of whether the "measure proposed to the Legislature * * * [was] not enacted by the Legislature without change", the proclamation must be made by the Governor subsequently to the recess of the session of the Legislature to which such measure was proposed. The fact which is the operative condition precedent of the Governor's proclamation—the failure of the legislature to enact the proposed measure without change—can finally occur and be known with certainty only when the session of the Legislature to which the measure was proposed has been "recessed" —i. e. when, as defined by Article IV, Part Three, Section 20, there has been "adjournment without day."

Furthermore, to prevent frustration of the broadly reserved power of the people to legislate it is implicit that the proclamation of the Governor is intended to be made within a reasonably short time after the legislative session has been adjourned without day.

◼ We conclude, therefore, that in Article IV, Part Three, Section 18 the people have provided themselves with a procedure by which they can control the range of time for the holding of an initiative election, such that: (1) they can increase the minimally required period from sixty days to four months, and (2) reduce the maximally authorized interval from a potential of eighteen months to approximately six months,[2] subsequent to the recess of the session of the Legislature at which the initiated measure was proposed.

◼ The use of the word "may" relative to a gubernatorial order for a special election, and its timing, indicates that, ordinarily, the Governor is afforded a discretion as to whether to order a special election. This general discretion is subject to the exception, however, that "if * * * requested in the written petitions", the Governor "shall" direct a special election by proclamation. The introduction of the word "shall" in immediate conjunction with, and contradistinction to, the word "may" signifies that once the written petitions have requested a gubernatorial proclamation of a special election, the Governor is subjected to a *mandatory obligation* to order the special election. His obligation to act is unavoidable.

This interpretation, derived from the literal language of Section 18, is supported by practical factors which suggest a need that the initiators of a measure should

2. Under our present system of biennial *regular* Legislature sessions, and with initiative petitions being presentable only at a regular session, it will usually happen that the next regular election after the recess of the Legislature would occur as long as fifteen to eighteen months after recess.

We use the word "approximately" since the maximum period of six months commences from the date of the proclamation by the Governor which must be forthcoming within a reasonably short time after the recess of the Legislative session.

have opportunity to impose a compulsory obligation upon the Governor to order a special election within time limits other than those ordinarily operative as to general elections. Under given circumstances the people initiating a measure may believe that the issues are sufficiently complex to justify extensive opportunity for the conducting of public debate as well as to allow sufficient time for adequate education of the voters on the issues. Hence, they may wish to require a minimum of four months after the recess of the Legislature. Similarly, they may envision that a period as long as one year and a half could elapse until the next general election (should the Governor choose to refrain from calling a special election in the exercise of discretion), and the initiators might consider such extended delay unwise or otherwise prejudicial to the purposes they seek to achieve.

■ Our conclusion that a request in the initiative petitions for a gubernatorial proclamation of a special election, to be held within the constitutionally defined time limits, imposes a mandatory obligation upon the Governor logically imports a restriction upon the unlimited discretion which Article IV, Part Three, Section 18, purports to confer upon the Legislature by the language "the Legislature may order a special election * * *." The imposition of a *mandate* upon the Governor to order a special election within the constitutionally prescribed time range is inconsistent with a *discretion* in the Legislature to order a special election as, and if, the Legislature may deem appropriate and uncontrolled by the constitutional time limits to which the obligation of the Governor is subjected. The request in the written petitions, by creating a mandatory obligation for action by the Governor, negates, ipso facto, a repository of discretion either in the Governor or in the Legislature.

The Legislature, therefore, lacks authority pursuant to Article IV, Part Three, Section 18 of the Constitution to order a special election on Initiated Bill (1), "An Act

to Repeal the Maine Income Tax" despite the request of the petitioners for a gubernatorial proclamation ordering a special election.

QUESTION II: If the answer to question number I is in the affirmative, may the Legislature set the date for the referendum and direct the form of the ballot with the attached Joint Order?

ANSWER: Our answer to Question I being in the negative, no answer is required on Question II since it becomes inapplicable by its terms.

Dated at Portland, Maine, this fifth day of April, 1971.

Respectfully submitted:

ARMAND A. DUFRESNE, Jr.

DONALD W. WEBBER

RANDOLPH A. WEATHERBEE

CHARLES A. POMEROY

SIDNEY W. WERNICK

JAMES P. ARCHIBALD